IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICHARD S. JONES, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-1329-MJR-DGW |
| | ) | |
| HEADWATERS CM SERVICES, LLC, | ) | |
| and CHRIS BASSO, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

### I.       Introduction

This is a retaliatory discharge lawsuit brought by Plaintiff Richard S. Jones Sr. against his former employer Headwaters CM Services, LLC, and manager Chris Basso (Doc. 1).  On December 9, 2016, Defendants filed a Notice of Removal seeking to bring the case from the Circuit Court of Madison County, Illinois, to this Court on the basis of diversity jurisdiction (*Id.*).  Defendants alleged that Chris Basso was either improperly or fraudulently joined because, under Illinois law, the tort of retaliatory discharge is only valid against an employer, not a supervisor (Doc. 1).  This Court directed the Plaintiff to file a jurisdictional brief addressing the fraudulent joinder issue (Doc. 7). Plaintiff filed a jurisdictional brief, and Defendants responded in a timely fashion (Docs. 15, 16).  The matter is now before the Court for a decision on the removal issue.

This Memorandum and Order deals with the discrete issue of fraudulent joinder, because this Court already addressed the amount in controversy requirement in its earlier Order (Doc. 7), finding the amount sufficient to establish diversity jurisdiction.

Plaintiff was directed to file a jurisdictional brief addressing the fraudulent joinder issue, but Plaintiff's filing does not even explicitly mention fraudulent joinder (*See* Doc. 15).  The only assertion Plaintiff makes about the non-diversity of Defendant Basso is that the Defendants could have moved to dismiss Basso in the state court proceedings prior to seeking removal.  This assertion does not speak to the possibility that Basso is not a proper defendant because there is no cognizable claim for retaliatory discharge against a supervisor under Illinois law.

Defendants' response highlights the lack of argument regarding the propriety of Defendant Basso's inclusion in this action, restating the Illinois precedent about proper defendants for retaliatory discharge actions (Doc. 16).

## II.    Legal Analysis

The Illinois Supreme Court has clearly stated that a supervisor or employee is not a proper defendant in an action claiming retaliatory discharge.  ***See Buckner v. Atlantic Plant Maintenance, Inc.*, 694 N.E.2d 565, 570 (Ill. 1998).**   In so holding, the *Buckner* Court reasoned that a cause of action against the employer for retaliatory discharge was sufficient because even if the supervisor or employee who conducted the discharge did so in a manner the employer would not have condoned, the employer can deter such

conduct in the future by taking disciplinary actions towards that particular supervisor or employee. *Id..*  Fraudulent or improper joinder may be established by showing that a plaintiff has no plausible claim against a particular non-diverse defendant.  *See Morris v. Nuzzo,* **718 F.3d 660, 666 (7th Cir. 2013).**

Here, Plaintiff's claim rests entirely upon a theory of retaliatory discharge for his use of worker's compensation benefits after he was injured on the job.  Plaintiff alleges that Defendant Basso terminated him at the behest of Defendant Headwaters.  These allegations are on all fours with the Illinois case law stating that an employee or supervisor is not a proper defendant in a retaliatory discharge action.  *See Buckner,* **694 N.E.2d at 570.**  Accordingly, this Court finds that Defendant Basso was improperly or fraudulently joined in the state court action.  *See Morris***, 718 F.3d at 666 (finding that an out-of-state defendant's right of removal premised on diversity jurisdiction cannot be defeated by the inclusion of a defendant against whom plaintiff's claim has no chance of success").**

### III.    Conclusion

Based on the foregoing analysis, the Court finds that it is appropriate to **DISMISS** Defendant Basso because there is no cognizable claim against him under Illinois law.

Having dismissed Defendant Basso, the Court finds that diversity jurisdiction exists because the amount in controversy may well exceed $75,000 (*See* Doc. 7 at 2-3), and the

parties are completely diverse (Plaintiff is a citizen of Illinois and Defendant Headwaters is incorporated in Delaware with its primary place of business in Utah).

This case is assigned to CJRA Track B.

**IT IS SO ORDERED.**

DATED: January 19, 2017

s/ *Michael J. Reagan*

Michael J. Reagan
United States District Judge